### SOLOMON v. COHEN.

(Supreme Court, Appellate Term. June 22, 1905.)

1. PROMISSORY NOTES—LIABILITY OF INDORSER—NOTICE OF DISHONOR.

In an action by the holder of a promissory note against an indorser, failure of plaintiff to show that timely notice of dishonor was given defendant precludes recovery.

2. SAME—TIME OF GIVING NOTICE.

Under Negotiable Instrument Law, Laws 1897, p. 741, c. 612, § 174, requiring notice of dishonor, if given at the place of business of the person to receive the same, to be before the close of business hours on the day following the dishonor, notice to an indorser that the note had not been paid, given two or three days after it was due, was too late.

**3. SAME—AFFIDAVIT OF NONRECEIPT OF NOTICE—NOTARY'S CERTIFICATE—PRE-SUMPTIONS.**

Under Code Civ. Proc. § 923, providing that a notary's certificate of presentment and nonpayment of a note, and service of notice thereof, is presumptive evidence of the facts certified, unless the party against whom it is offered has served on the adverse party an affidavit that he has not received notice of nonpayment, the only effect of failure to serve such affidavit is to render the notary's certificate presumptive evidence of the matters therein stated.

**4. SAME—NOTARY'S CERTIFICATE—SUFFICIENCY.**

A notary's certificate, merely certifying to presentation and nonpayment, and not stating that notice of dishonor was given or sent an indorser, is insufficient.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Samuel Solomon against Max Cohen, impleaded. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Jacob Levy, for appellant.
Max Franklin, for respondent.

SCOTT, P. J. This is an action by the holder of a promissory note against an indorser. The defendant denies his signature, but the justice found against him, and with that finding we find no occasion to differ.

There is, however, an insuperable objection to a recovery by plaintiff, and this is found in the failure of plaintiff to show that timely notice of dishonor was given to the appellant. The only evidence that notice of dishonor was given to defendant is that of the plaintiff, who says that he notified appellant that the note had not been paid "two or three days after it was due." This was too late. Section 174, Negotiable Instrument Law, Laws 1897, p. 741, c. 612. It is true that the appellant did not file the affidavit provided for by section 923, Code Civ. Proc. The only effect of the failure to serve such an affidavit is that the notary's certificate of presentment, nonpayment, and of the service of notice thereof becomes presumptive evidence of the matters therein stated. If, therefore, the notary's certificate had contained a statement of timely service of notice of nonpayment upon appellant, it would have served to prove presumptively such service. The certificate, however, contains no statement that notice of dishonor was given or sent to appellant. It merely certifies to the presentation of the note at the maker's place of business and its nonpayment. There is therefore no evidence in the case of notice to the appellant, except the plaintiff's testimony as to the notice he gave, and that was too late.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.